IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ISHIHARA, et al., | No. C 06-6758 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DISMISS, TO STRIKE, OR FOR A MORE DEFINITE STATEMENT; VACATING HEARING** |
| v. | |
| KATSUTO OUNE, et al., | |
| Defendants / | |

Before the Court is plaintiffs Gerald Ishihara, Yoshiko Ishihara, and South City Press, Inc.'s "Motion to: (1) Dismiss Cross-Complaint Of Defendant Haruko Shinoda Makitani For Failure To State A Claim Upon Which Relief Can Be Granted; (2) To Strike Portions Of Answer And Cross Complaint Filed; Or Alternatively (3) For A More Definite Statement," filed December 15, 2006. Defendant Haruko Shinoda Makitani ("Makitani") and defendant Katsuto Oune ("Oune") have filed separate oppositions. Plaintiffs have not filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for February 2, 2007, and rules as follows:

1. Plaintiffs' motion, to the extent it seeks an order striking certain affirmative defenses from Oune's initial answer and dismissing certain claims set forth in Oune's initial cross-complaint, is hereby DENIED as moot, because Oune, on January 8, 2007, filed a

First Amended Answer and Counterclaim.  See Fed. R. Civ. P. 15(a) (providing party may amend pleading "once as a matter of course at any time before a responsive pleading is served");[1] Bullen v. De Bretteville, 239 F. 2d 824, 833 (9th Cir. 1956) (holding "amended pleading supersedes the original, the latter being treated thereafter as non-existent"), cert. denied, 353 U.S. 947 (1957).

    2.  Plaintiffs' motion, to the extent it seeks an order dismissing from Makitani's "Cross-Complaint"[2] the First, Second, and Third Causes of Action, is hereby GRANTED, and such causes of action are, with respect to such plaintiffs, hereby DISMISSED without leave to amend.  By said causes of action, Makitani alleges claims for, respectively, comparative indemnity, contribution, and declaratory relief as to indemnification.  Although such claims may be appropriate against one whom Makitani alleges is liable to her if she is found liable to plaintiffs, Makitani fails to cite any authority, and the Court has located none, providing that a defendant can bring such claims against a plaintiff.  Cf. American Motorcycle Ass'n v. Superior Court, 20 Cal. 3d 578, 591 (1978) (holding indemnification and contribution doctrines provide for "equitable distribution of loss among multiple tortfeasors").

    3.  Plaintiffs' motion, to the extent it seeks an order dismissing from Makitani's Cross-Complaint the Fourth Cause of Action, is hereby DENIED because, as pleaded, said cause of action is sufficient to state a claim for unpaid wages.  Although plaintiffs deny Makitani will be able to establish the truth of her allegation that she has not been paid for work performed, such argument is premature at the pleading stage.

    4.  Plaintiffs' motion, to the extent it seeks an order striking Affirmative Defenses 15

---

[1] A motion to dismiss is not a "responsive pleading."  See Crum v. Circus Circus Enterprises, 231 F. 3d 1129, 1130 n. 3 (9th Cir. 2000).

[2] The "cross-defendants" named in Makitani's "Cross-Complaint" are the three named plaintiffs, as well as Paul Currier.  Makitani's pleading was filed in state court.  In light of the removal, to the extent Makitani seeks relief against the three named plaintiffs, the pleading is now more properly denominated a "counterclaim," see Fed. R. Civ. P. 13(a), 13(b), and, to the extent Makitani seeks relief against Paul Currier, the pleading is now more properly denominated a "third-party complaint," see Fed. R. Civ. P. 14.

and 28 from Makitani's answer, is hereby GRANTED; Makitani states she does not oppose such request.  (See Makitani's Mem. of P. & A., filed January 11, 2007, at 6:6.)

5. Plaintiffs' motion, to the extent it seeks an order striking Affirmative Defenses 18 and 19 from Makitani's answer, is hereby GRANTED, with leave to amend as requested by Makitani.  (See id. at 6:7-9.)

6. Plaintiffs' motion, to the extent it seeks an order striking from Makitani's answer any affirmative defense other than Affirmative Defenses 15, 18, 19, and 28, is hereby DENIED.  Contrary to plaintiffs' argument, a defendant provides fair notice of an affirmative defense by a "bare assertion" identifying the affirmative defense.  See Daingerfield Island Protective Soc. v. Babbitt, 40 F. 3d 442, 444 (D.C. Cir.1994) (holding affirmative defense stating "claims are barred by the applicable statute of limitations" sufficient to provide plaintiff notice); cf. Tancredi v. Dive Makai Charters, 823 F. Supp. 778, 785-86 (D. Haw. 1993) (holding affirmative defense stating defendant "intended to rely upon any other matter constituting an avoidance or affirmative defense" insufficient to provide plaintiff fair notice of "other" affirmative defenses on which defendant intended to rely).

7. Plaintiffs' motion, to the extent it seeks from Makitani a more definite statement as to any affirmative defense, is hereby DENIED.  Although a motion for a more definite statement is properly granted where "a party cannot reasonably frame a responsive pleading," see Fed. R. Civ. P. 12(e), plaintiffs are not required to file a pleading in response to an answer.  Plaintiffs may, of course, request by way of discovery further specification as to the bases for the affirmative defenses.

8. If Makitani intends to file an amended answer, such pleading shall be filed no later than February 15, 2007.

**IT IS SO ORDERED.**

Dated: January 30, 2007

MAXINE M. CHESNEY
United States District Judge